UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| FAYE M. SEARCY | § | |
| BOBBY C. SEARCY | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-02159-B |
| | § | |
| CITIMORTGAGE, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Leave to Amend (Doc. 19) and Defendant's Motion for Judgment on the Pleadings (Doc. 11). The Court will discuss these motions separately and in turn. Because the proposed amendment would be futile, and because each of Plaintiffs' current claims are barred by res judicata and by the applicable statutes of limitations, Plaintiffs fail to state a claim upon which relief may be granted. Thus, Plaintiffs' Motion (Doc. 19) is **DENIED,** Defendant's Motion (Doc. 11) is **GRANTED,** and the Court **DISMISSES with prejudice** all of Plaintiffs' claims.

## I.

## BACKGROUND

This dispute involves the foreclosure of Plaintiffs' residence, which has resulted in two separate state court actions that have been removed to the U.S. District Court for the Northern District of Texas.

*A. Factual Background*

On March 23, 2007, Plaintiffs purchased the home located at 2816 Amber Waves Lane,

Lancaster, Texas 75143 (the "Property"). Doc. 1-4, Pls.' Am. Pet., Aug. 6, 2018, ¶¶ 8, 10 (hereinafter Doc. 1-4, 2018 Am. Pet.). In May 2007, Defendant became the assignee of the mortgage note and deed of trust. *Id.* at ¶ 12; Doc. 13-2, Def.'s Br. Supp. Mot. J. Pleadings Ex. 2, 3 (hereinafter Doc. 13-2, 2014 Am. Comp.).

Plaintiffs initially defaulted on mortgage payments in May 2007, and despite receiving payment assistance in February 2008, Plaintiffs were unable to maintain the payments and eventually filed for bankruptcy in May 2009. Doc. 13-2, 2014 Am. Comp., 3; Doc. 1-4, 2018 Am. Pet., ¶ 15; Doc. 13-3, Def.'s Br. Supp. Mot. J. Pleadings Ex. 3, at 2 (hereinafter Doc. 13-3, Magistrate Findings & Recs.). Defendant participated as a creditor in Plaintiffs' bankruptcy until the Automatic Stay was lifted in September 2010. Doc. 13-3, Magistrate Findings & Recs., 2. *See* Doc. 1-4, 2018 Am. Pet., ¶ 15.

In April 2011, Defendant approved a mortgage loan modification; Plaintiffs made the reduced payments for approximately one year before becoming delinquent once again. *See* Doc. 13-2, 2014 Am. Comp., ¶¶ 15–16. On October 31, 2012, Defendant notified Plaintiffs of a $4,683.88 delinquency on the account. *Id.*; Doc. 13-3, Magistrate Findings & Recs., 3. Plaintiffs paid $2,300.00 towards the delinquent balance on November 29, 2012. Doc. 1-4, 2018 Am. Pet., ¶ 16; Doc. 13-3, Magistrate Findings & Recs., 3. Plaintiffs made no further payments to Defendant. Doc. 13-3, Magistrate Findings & Recs., 3.

In December 2012, Plaintiffs applied for another loan modification. Doc. 13-2, 2014 Am. Comp., ¶¶ 16–17. Initially, Defendant conditionally approved the modification but eventually denied the modification due to Plaintiffs' failure to submit documents indicating that the bankruptcy court approved the modification. Doc. 1-4, 2018 Am. Pet., ¶ 16; Doc. 13-3, Magistrate Findings & Recs.,

3; *but see* Doc. 13-2, 2014 Am. Comp., ¶¶ 16–17 (Plaintiffs claim the bankruptcy documents were submitted to Defendant).

On May 30, 2013, Defendant sent a notice of default letter to Plaintiffs and advised them that failure to cure the default would result in Defendant proceeding with foreclosure. Doc. 13–2, 2014 Am. Pet. 5. Plaintiffs responded by filing another modification application or loss mitigation application on July 21, 2013. *Id.* at 5–6. In August 2013, Defendant offered the Plaintiffs a trial plan for a loan modification that would become permanent if Plaintiffs successfully made three payments at the new amount—Plaintiffs refused to make the payments and Defendant eventually denied the modification application. Doc. 13-3, Magistrate Findings & Recs., 3.

In December 2013, Defendant notified Plaintiffs that it had retained legal counsel to proceed with foreclosure proceedings on the property. *Id.* On December 28, 2013, Defendant's legal counsel sent a letter to Plaintiffs regarding foreclosure. Doc. 13-1, Def.'s Br. Supp. Mot. J. Pleadings Ex. 1, at 52–53 (hereinafter Doc. 13-1, 2014 Orig. Pet.). On February 11, 2014, Defendant's counsel sent a letter to Plaintiffs notifying them that the debt had been accelerated and the property was posted for the March 4, 2014 foreclosure sale. *Id.* at 55; Doc. 13-3, Magistrate Findings & Recs., 3.

On March 4, 2014, the Property was sold at foreclosure. Doc. 1-4, 2018 Am. Pet., ¶ 21. Defendant's counsel notified Plaintiffs, by mail, on March 14, 2014, that the sale had commenced and included a Substitute Trustee's Deed for Plaintiffs' record. Doc. 13-1, 2014 Orig. Pet., 57–60.

*B. Procedural Background*

1. <u>The 2014 Case</u>

On June 10, 2014, Plaintiffs Faye and Bobby Searcy filed a lawsuit (the "2014 Case") against CitiMortgage and its legal counsel in the 160th District Court for Dallas County, Texas. Doc. 13-1,

2014 Orig. Pet., 1. Plaintiffs brought suit for: breach of contract, wrongful foreclosure, application for temporary restraining order, temporary injunction, and permanent injunction. *Id.* at 5. Plaintiffs requested the court to annul the March 4, 2014 foreclosure, strike the substitute trustees deed, restore title of the Property to Plaintiffs, and enjoin Defendants from taking action to remove Plaintiffs from the Property. *Id.* at 6.

On July 13, 2014, Defendant removed the 2014 Case to the U.S. District Court for the Norther District of Texas, Dallas Division, and the case was assigned to the Honorable Barbara M. G. Lynn. Notice of Removal, 1, *Searcy v. CitiMortgage, Inc.*, DC-14-06184, (N.D. Tex. April 25, 2017) ECF No. 1; Order Reassigning Case, 2, *Searcy v. CitiMortgage, Inc.*, DC-14-06184, (N.D. Tex. April 25, 2017) ECF No. 50. The case was then referred to Magistrate Judge Renee H. Toliver for pretrial management. Plaintiffs obtained leave and filed an Amended Complaint on September 30, 2015. Doc. 13-2, 2014 Am. Comp.

In the Amended Complaint, Plaintiffs released Defendant's legal counsel as a defendant and added the following claims/causes of action: (1) violations of the Real Estate Settlement Procedures Act (RESPA), specifically 12 C.F.R. § 1024.41; (2) unjust enrichment due to wrongful foreclosure; (3) violations of Texas Consumer Credit Code and Debt Collections Practices Act, specifically Tex. Fin. Code § 392.304(a), subsections (2), (8), and (19); and (4) wrongful foreclosure by failing to comply with the Department of Housing and Urban Development (HUD) Loss Mitigation Program (24 C.F.R. §§ 203.330 and 203.605). *Id.* at 8–14.

On February 10, 2017, Magistrate Judge Toliver issued her Findings, Conclusion, and Recommendation (the "Findings and Recommendation"), recommending that Defendant's Motion for Summary Judgment be granted and all of Plaintiffs' claims be dismissed. *Id.* at 12. On April 25,

2017, District Judge Lynn adopted Magistrate Judge Toliver's recommendations and entered a final judgment. Doc. 13-4, Def.'s Br. Supp. Mot. J. Pleadings Ex. 4, 1. Plaintiffs later filed an appeal with the Fifth Circuit who, on April 25, 2018, affirmed the ruling. Doc. 13-5, Def.'s Br. Supp. Mot. J. Pleadings Ex. 5, 7.

2. The Current Case

Despite the full adjudication of Plaintiffs' claims, on August 2, 2018, Plaintiffs filed another law suit in the 298th District Court for Dallas County, Texas (the "Current Case") against the same defendant, CitiMortgage. Doc. 1-2, 2018 Orig. Pet., 1. Plaintiffs filed a First Amended Petition on August 6, 2018; the Amended Petition is identical to the Original Petition. *Compare* Doc. 1-4, 2018 Am. Pet., Aug. 6, 2018 *with* Doc. 1-2, Pls.' Orig. Pet., Aug. 2, 2018. Defendant removed the case to this Court on August 16, 2018. Doc. 1, Notice of Removal, 1. The claims in the Current Case are substantially similar to those of the 2014 Case. *Compare* Doc. 1-4, 2018 Am. Pet., *with* Doc. 13-1, 2014 Orig. Pet. *and* Doc. 13-2, 2014 Am. Comp. Plaintiffs' allegations concern events leading up to and including the foreclosure of their home that occurred on March 4, 2014. *See generally* Doc. 1-4, 2018 Am. Pet.

In the Current Case, Plaintiffs bring claims for wrongful foreclosure due to breach of the note and deed of trust contracts, HUD regulation and Fair Housing Act (FHA) violations, and violations of Texas Consumer Credit Code and Debt Collections Practices Act that are essentially identical to those adjudicated in the 2014 Case. Doc. 1-4, 2018 Am. Pet., 5–11. Plaintiffs bring additional claims for unreasonable collection efforts (common law), negligent misrepresentation and gross negligence in relaying account information to Plaintiffs and by wrongfully foreclosing, and fraud (based on the same supporting facts as the negligence claim). *Id.*

Defendant filed its Motion for Judgment on the Pleadings on September 27, 2018. Doc. 11, Def. Mot. J. Pleadings. Plaintiffs filed an untimely Response to that Motion on December 10, 2018. Doc. 18, Pls.' Resp. to Def.'s Mot.

Plaintiffs also filed a Motion for Leave to Amend Complaint on December 27, 2018, and attached a proposed First Amended Complaint (the "Proposed 2018 Amended Complaint"). Doc. 19, Pls.' Mot. Leave Am. In the Proposed 2018 Amended Complaint, Plaintiffs list many of the claims and causes of action listed in the 2018 Petitions and include additional claims for unjust enrichment and equitable relief, both due to wrongful foreclosure. *Id.* at 7–9.

Defendant filed an Objection to Plaintiffs' Motion for Leave to Amend on January 14, 2019. Doc. 20, Def.'s Obj. to Pls.' Mot. Leave Am. Plaintiffs failed to file a reply and the time to do so has passed, thus, both Motions (Doc. 11 and Doc. 19) are ripe for the Court's review.

The Court will first address Plaintiffs' Motion for Leave to Amend (Doc. 19) and will then address Defendant's Motion for Judgment on the Pleadings (Doc. 11).

## II.

## MOTION FOR LEAVE TO AMEND

*A. Legal Standard*

Before examining the issues before the Court, the Court notes that *pro se* litigants are still expected to comply with the rules of pleading and the rules of service. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam). However, parties who proceed *pro se* are often given more leeway than represented parties in correcting errors in pleadings and defects in service of process. *Roberts v. Orleans Parish Med. Staff*, 2002 WL 1022488, at *5 (E.D. La. May 20, 2002) (citing *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)). A court must liberally construe a *pro*

*se* complaint, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam). Nevertheless, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Id.*

Although Plaintiffs must seek the Court's permission to file an amended complaint, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Under Rule 15(a), there is a bias in favor of granting leave to amend. *Jones v. Robinson Prop. Group*, 427 F.3d 987, 994 (5th Cir. 2005). But leave to amend is not automatic, a district court may deny leave to amend for "substantial reason." *Id.* Substantial reasons for denying a motion under Rule 15(a) include "undue delay, [movant's] bad faith or dilatory motive . . ., repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and *futility of the amendment*." *Id.* (emphasis added). An amendment is futile if it fails to state a claim upon which relief can be granted. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

*B. Analysis*

In opposition to Plaintiffs' Motion for Leave to Amend, Defendant argues that Plaintiffs' proposed claims are barred by res judicata and the applicable statutes of limitations, thus, the Court should deny the motion because amendment would be futile.

Res judicata prevents parties, and their privies, from relitigating issues that were or could have been raised in a previous action. *Fed. Dep't. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). The Fifth Circuit requires satisfaction of the following elements to bar claims under res judicata: (1) the parties must be either identical or in privity; (2) a court of competent jurisdiction must have issued a final judgment on the merits in the prior action; and (3) the cases must involve the same claim or cause of action. *U.S. v. Davenport*, 484 F.3d 321, 325 (5th Cir. 2007) (citing *In re Southmark Corp.*,

163 F.3d 925, 934 (5th Cir. 1999)). The Fifth Circuit employs "the transactional test" to determine whether the cases involve the same claim or cause of action. *Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 870–71 (5th Cir. 1984).

The transactional test works to bar a plaintiff's potential claims that concern "any part of the transaction, or series of connected transactions, out of which the original action arose." *Maxwell v. U.S. Bank Nat'l Ass'n*, 544 F. App'x 470, 472 (5th Cir. 2013) (per curiam) (quoting *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010)). "The critical issue is whether the two actions under consideration are based on the *same nucleus of operative facts*." *Petro-Hunt, L.L.C. v. U.S.*, 365 F.3d 385, 396 (5th Cir. 2004) (internal quotation marks and alterations omitted) (emphasis in original). "Thus, the Court must look beyond claims that were actually litigated and focus instead on all issues that could have been raised in the previous proceeding given the same nucleus of operative facts." *1999 McKinney Ave. No. 807 Land Tr. v. HSBC Bank USA, Nat. Ass'n*, 2014 WL 2573896 at *4 (N.D. Tex. June 5, 2014). Complaints comprised of claims that are barred by res judicata fail to state a claim upon which relief can be granted. *Wininger v. Bank of Am., N.A.*, 2015 WL 1737617, at *3 (E.D. Tex. Apr. 14, 2015), *aff'd*, 621 F. App'x 297 (5th Cir. 2015).

When courts deny a motion for leave to amend on grounds of futility, the reason for denial is usually that "the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586 (5th Cir. 2016) (quoting *Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985)). An amended complaint may be denied for futility when the plaintiff seeks to add claims that are barred by res judicata because the amendment does not to cure the deficiency of the original complaint—failure to state a claim upon which relief could be granted. *See Thomas v. Two*

*Rivers Grocery & Mkt.*, 531 F. App'x 451 (5th Cir. 2013) (holding that denial on grounds of futility was not an abuse of discretion when the plaintiff's amended complaint failed to cure the defects in the original complaint). Further, a proposed amendment is futile when the claims would be barred by the applicable statutes of limitations, as each of the claims would fail to state a claim upon which relief could be granted. *McGee v. Citi Mortg., Inc.*, 680 F. App'x 287, 291 (5th Cir. 2017). The Court identifies which claims are barred by the statutes of limitations in its discussion of Defendant's Motion for Judgment on the Pleadings.

It is undisputed that the Current Case and the 2014 Case involve identical parties and that a court of competent jurisdiction issued a final ruling on the merits in the 2014 Case. Thus, the only remaining issue is whether the claims in the Current Case would be barred because they were or should have been litigated in the 2014 Case. After reviewing the filings and the applicable law, the Court finds that the 2014 Case and the Current Case involve the same transaction and arise from the same nucleus of operative facts. Therefore, res judicata would bar all of the claims listed in the Proposed 2018 Amended Complaint. Because res judicata is also the basis of support for Defendant's Motion for Judgment on the Pleadings, individual claims are discussed in more detail below.

The 2014 Case arose from events leading up to and including a foreclosure that took place on March 4, 2014. *See generally* Doc. 13-2, 2014 Am. Comp. The Plaintiffs' claims and causes of action were essentially for wrongful foreclosure; violations of Fair Housing Act (FHA), RESPA, and HUD regulations; and improper debt collection practices. Doc. 13-1, 2014 Orig. Pet., 6; Doc. 13-2, 2014 Am. Comp., 8–14. In her Findings and Recommendations, Magistrate Judge Toliver addressed each claim and found all of them should be dismissed with prejudice for failure to state claims on which relief could be granted. Doc. 13-3, Magistrate Findings & Recs., 12. The District Court

adopted Judge Toliver's recommendation and the Fifth Circuit later affirmed the ruling. Doc. 13-4, Def.'s Br. Supp. Mot. J. Pleadings Ex. 4, 1; Doc. 13-5, Def.'s Br. Supp. Mot. J. Pleadings Ex. 5, 7.

As for the Current Case, Plaintiffs' Original Petition listed CitiMortgage as the defendant and listed causes of action as (1) breach of contract as to the note and deed of trust for violations of HUD/FHA regulations (essentially wrongful foreclosure), (2) unreasonable collection efforts; (3) violations of Texas Consumer Credit Code and Debt Collections Practices Act; (4) negligent misrepresentation and gross negligence in relaying account information to Plaintiffs and by wrongfully foreclosing; and (5) fraud in relaying account information to Plaintiffs and by wrongfully foreclosing. Doc. 1-4, 2018 Am. Pet., 8–13.

In the motion at bar, Plaintiffs seek leave to amend their 2018 Petition to add claims for unjust enrichment and equitable relief, both due to events leading up to and including the March 4, 2014 foreclosure. Doc. 19, Pls.' Mot. Leave Am., 7–9. The relief requested in the Proposed 2018 Amended Complaint mirrors that in the 2018 Petitions except that Plaintiffs' have removed requests for injunctions and restraining orders. *Compare Id.* at 8–11 *with* Doc. 1-4, 2018 Am. Pet., 12–17.

Each of the claims/causes of action included in the 2018 Petitions and Proposed 2018 Amended Complaint were dismissed with prejudice in the 2014 Case, except for unreasonable collection efforts, negligent misrepresentation/gross negligence, and fraud. As such, the duplicative claims are barred by res judicata.

Regarding the remaining claims—unreasonable collection efforts, negligence, and fraud—the Court finds that these also arise from events leading up to and including the March 4, 2014 foreclosure. The statement of facts sections Plaintiffs included in the 2014 Case pleadings are virtually identical to those included in the Current Case. Although Plaintiffs include slightly more

detail in background information, the nucleus of operative facts is Plaintiffs' belief that Defendant wrongfully foreclosed on the Property. Thus, the three remaining claims are encompassed by the Fifth Circuit's transactional test and are barred by res judicata.

Because all of the claims/causes of action raised in the Current Case, including those additional claims in the Proposed 2018 Amended Complaint, are nearly identical to those of the 2014 Case and each lawsuit is based on the same nucleus of operative facts, the claims in the Proposed 2018 Amended Complaint would be barred by res judicata. As such, granting leave to amend the pleadings would be futile. Thus, the Court **DENIES** Plaintiffs' Motion for Leave to Amend.

## III.

## MOTION FOR JUDGMENT ON THE PLEADINGS

*A. Legal Standard*

A Rule 12(c) motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). The standard for evaluating a Rule 12(c) motion is the same as the standard for evaluating a Rule 12(b)(6) motion for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). The court may look to "allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims." *Cox v. Cent. Insurex Agency, Inc.*, 2012 WL 253882, at *2 (N.D. Tex. Jan. 26, 2012) (Boyle, J.) (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)).

Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering the motion, the court must accept all well pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

*B. Analysis*

In its Motion for Judgment on the Pleadings, Defendant argues that dismissal is proper because Plaintiffs fail to allege facts sufficient to state claims for which relief can be granted because Plaintiffs' claims are barred by either res judicata or the applicable statutes of limitations. Doc. 11, Def.'s Mot. J. Pleadings; Doc. 12, Def.'s Br. Supp. Mot. J. Pleadings, 1. In response, Plaintiffs filed an Objection to Defendant's Motion on December 10, 2018, arguing that it had until December 27, 2018, to file a motion for leave to amend its pleadings, but did not address the merits of Defendant's Motion. Doc. 18, Pls.' Obj. Def. Mot. J. Pleadings, 1. As previously discussed, Plaintiffs filed a Motion for Leave to Amend on December 27, 2018, and Defendant filed its Response to that Motion on January 14, 2019, arguing that amendment would be futile because— reiterating its position from its Motion for Judgment on the Pleadings—all of Plaintiffs' claims are barred by either res judicata or the applicable statutes of limitations. Doc. 20, Def.'s Resp. Pls.' Mot. Leave Amend, 4–6. Because the Court denies Plaintiffs' Motion for Leave to Amend their Complaint, the Court now addresses Defendant's arguments on res judicata and statutes of limitations as to the operative pleading—the 2018 Amended Petition.

    1.    Res Judicata

Plaintiffs' causes of action and prayer for relief for the Current Case are virtually identical to

those of the 2014 Case. Defendant argues that Plaintiffs are not entitled to relief on these claims because either they were actually litigated in the 2014 Case or arise from the same nucleus of operative facts.

To reiterate, to bar claims based on res judicata, the Fifth Circuit requires that the movant show that: (1) the parties in both actions are either identical or in privity; (2) a court of competent jurisdiction issued a final judgment on the merits in the prior action; and (3) the cases involve the same claim or cause of action. *Davenport*, 484 F.3d at 326. The Fifth Circuit employs "the transactional test" to determine whether the cases involve the same claim or cause of action. *Southmark Props.*, 742 F.2d at 870–71. Complaints comprised of claims that are barred by res judicata may be dismissed for failure to state a claim upon which relief can be granted. *Wininger*, 2015 WL 1737617, at *3.

As discussed above, elements one and two for res judicata are clearly satisfied. Thus, the Court will focus the remainder of its analysis on a deeper comparison of Plaintiffs' claims in the 2014 Case and the Current Case to determine whether each was previously litigated or arises from the same nucleus of operative facts.

A majority of the claims/causes of action in the Current Case are virtually identical to those raised in the 2014 Case. Each alleges that Defendant breached the note and deed of trust contracts, specifically section 6(b) of the note and section 9(d) of the deed of trust, by wrongfully foreclosing on the mortgage loan. Doc. 13-2, 2014 Am. Comp., 14–17; Doc. 1-4, 2018 Am. Pet., 5–8. Plaintiffs request a declaratory judgment in each case stating that certain HUD and FHA provisions are part of the contracts and that Defendant breached the contracts by failing to follow the foreclosure processes outlined in those sections. Doc. 13-2, 2014 Am. Comp., 14–17; Doc. 1-4, 2018 Am. Pet.,

12. Plaintiffs requested specific performance of those provisions as a remedy in each case. Doc. 13-2, 2014 Am. Comp., 14–17; Doc. 1-4, 2018 Am. Pet., 13. Similarly, Plaintiffs allege in each case that Defendant violated the Texas Consumer Credit Code and Debt Collections Practices Act, specifically Tex. Fin. Code § 392.304(a), subsections (2), (8), and (19). Doc. 13-2, 2014 Am. Comp., 10–14; Doc. 1-4, 2018 Am. Pet., 9–10. In both the 2014 Case and the Current Case, Plaintiffs demand an accounting of the mortgage account and jury trial. Doc. 13-2, 2014 Am. Comp., 17–18; Doc. 1-4, 2018 Am. Pet., 10, 14. Plaintiffs list the same damages in each case and the prayer for relief in each case is nearly identical. *Compare* Doc. 13-2, 2014 Am. Comp., 14–19 *with* Doc. 1-4, 2018 Am. Pet., 13–17. Ultimately, Judge Toliver found that Plaintiffs were not entitled to an accounting or any of the relief requested in the 2014 Case, that there were no issues of fact to warrant a jury trial, and that each of the Plaintiffs claims should be dismissed with prejudice. Doc. 13-3, Magistrate Findings & Recs., 12.

Therefore, the Court finds that issues concerning wrongful foreclosure; breach of contract; FHA, HUD, and RESPA violations; Texas Consumer Credit Code and Debt Collections Practices Act violations; and an accounting of the mortgage account, as listed in the 2018 Petitions, were actually litigated in the 2014 Case and are thus barred by res judicata.

In their 2018 Amended Petition, Plaintiffs include causes of action for unreasonable collection efforts, negligence, and fraud. Doc. 1-4, 2018 Am. Pet., 8–9, 11–12. Plaintiffs also raise suit to quiet title and trespass to try title. *Id.* at 12. Plaintiffs allege that Defendant used deceptive means to collect a debt, failed to accurately communicate account details, misrepresented that it would delay foreclosure proceedings to allow Plaintiffs to appeal a loan modification decision, and wrongfully foreclosed on the mortgage loan. *Id.* at 8–9, 11–12. Defendant's actions, as described by

Plaintiffs, are the same as those used to support the claims for breach of contract, violations of the Texas Consumer Credit Code and Debt Collections Practices Act, wrongful foreclosure, etc. *See, e.g.*, *id.* at 5–12, Doc. 13-2, 2014 Am. Comp., 8–18. These claims, like all of the claims in the 2014 Case, arise from the events that occurred between Plaintiffs' initial default on the mortgage loan and the foreclosure sale that took place March 4, 2014—no new factual allegations are made in the Current Case. Thus, the events satisfy the transactional test because the claims arise from the same nucleus of operative facts as those previously litigated. Therefore, the claims for unreasonable collection efforts, negligence, fraud, and suit to quiet title and trespass to try title should have been raised in the previous litigation and are also barred by res judicata.

The Court finds that the elements for res judicata are established and bar all of the claims in the Current Case. The parties in the 2018 Case are identical to those in the 2014 Case, the 2014 Case was litigated to a final judgment by a court of competent jurisdiction, and each of the claims in the Current Case were either included in the 2014 Case or arise from the same nucleus of operative facts. Because each of Plaintiffs claims are barred by res judicata, Plaintiffs have failed to state any claim on which relief can be granted and Defendant is entitled to judgment on the pleadings.

2.  <u>Statutes of Limitations</u>

Although the Court finds that all of Plaintiffs' claims are barred by res judicata, the Court notes that these claims are also barred by the applicable statutes of limitations.

In support of its Motion for Judgment on the Pleadings, Defendant argues that Plaintiffs' claims are related to events that occurred on or before March 4, 2014, and are barred by the applicable statutes of limitations. Plaintiffs' claims, including those in the Proposed 2018 Amended

Complaint, are for: (1) breach of the note and deed of trust contracts by wrongful foreclosure, (2) unreasonable collection efforts, (3) violations of the Texas Consumer Credit Code and Debt Collections Practices Act, (4) negligent misrepresentation and gross negligence, (5) fraud, (6) quiet title and trespass to try title, and (7) unjust enrichment. Doc. 1-4, 2018 Am. Pet., 5–12; Doc. 19, Pls.' Mot. Leave Am., 6–9.

The statutes of limitations for the claims for unreasonable collection efforts, the Texas Consumer Credit Code and Debt Collections Practices Act violations, negligent misrepresentation, and unjust enrichment are two years. *See Gentry v. Credit Plan Corp. of Houston*, 528 S.W.2d 571, 575 (Tex. 1975) (re: unreasonable collection efforts); Tex. Fin. Code § 392.404 (re: Texas DCPA); Tex. Bus. & Com. Code § 17.565 (re: Texas DCPA); *Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Texas*, 20 F.3d 1362, 1371 (5th Cir. 1994) (re: negligent misrepresentation); *Sherer v. Sherer*, 393 S.W.3d 480, 491–92 (Tex. App. 2013), writ denied, (citing *Elledge v. Friberg–Cooper Water Supply Corp.*, 240 S.W.3d 869, 871 (Tex. 2007) (re: unjust enrichment); Tex. Civ. Prac. & Rem. Code § 16.003) (re: unjust enrichment).

The statutes of limitations for the claims for breach of contract, fraud, and trespass to try title are four years. *See* Tex. Civ. Prac. & Rem. Code § 16.004 (re: breach of contract and fraud); *Mathis v. Stockdick*, 189 S.W.2d 106, 108 (Tex. Civ. App. 1945), writ refused (re: quiet title/trespass to try title); *Hall v. Miller*, 147 S.W.2d 266, 269 (Tex. Civ. App. 1941), writ dismissed, judgment correct (re: quiet title/trespass to try title).

The events giving rise to Plaintiffs' claims occurred between March 23, 2007, when they purchased the home, and the March 4, 2014 foreclosure sale. Plaintiffs specifically list Defendant's collection activities and wrongful foreclosure as the supporting facts for a majority of the claims. The

latest date that the statutes of limitations could have began to run is March 4, 2014. Thus, the two-year limitations periods lapsed on or before March 4, 2016, and the four-year limitations periods lapsed on or before March 4, 2018.

However, the Current Case was filed on August 6, 2018—after the limitations periods for all claims expired—thus, Plaintiffs' claims are also barred by the applicable statutes of limitations.

Because all of Plaintiffs' claims are barred by both res judicata and the applicable statutes of limitations, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings and **DISMISSES with prejudice** Plaintiffs' claims in their entirety.

### III.

### CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion for Leave to Amend (Doc. 19), **GRANTS** Defendant's Motion for Judgment on the Pleadings (Doc. 11), and **DISMISSES with prejudice** all of Plaintiffs' claims.

**SO ORDERED**

**SIGNED: February 26, 2019**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE